UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES of the UFCW LOCAL 174 COMMERCIAL PENSION FUND,<br><br>                    Plaintiffs,<br><br>    v.<br><br>UNIVERSAL CHEMICALS, INC.; ELAINE KAPLAN; XYZ CORPORATIONS (1-10); and JOHN AND JANE DOES (1-10),<br><br>                    Defendants. | COMPLAINT |

Plaintiffs, the Trustees (the "Trustees") of UFCW Local 174 Commercial Pension Fund (the "Fund"), by and through their undersigned counsel, bring this action against Defendants Universal Chemicals, Inc. ("Universal Chemicals"), Elaine Kaplan ("Kaplan"), fictitious entities XYZ Corporations (1-10), and fictitious individuals John and Jane Does (1-10), and allege as follows:

## I. INTRODUCTION

1. This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), to recover statutorily prescribed withdrawal liability arising out of the mass withdrawal termination of the Fund as of December 31, 2013.

2. Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Fund, seek to recover Universal Chemicals' allocated share of the Fund's unfunded vested benefits, accrued interest, liquidated damages, and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Defendants because, pursuant to ERISA § 4301(d), 29 U.S.C. § 141(d), they reside and do business within the United States.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5. Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Fund is administered in this District.

## III. PARTIES

6. The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1), and a multi-employer plan within the meaning of ERISA § 3(37), 29 U.S.C. §§ 1002(37). The Fund is administered from 166 East Jericho Turnpike, Mineola, New York 11501.

7. Plaintiffs are the trustees of the Fund, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

8. Defendant Universal Chemicals is a for-profit foreign corporation having its principal place of business at 100 N. Hackensack Avenue, South Kearny, New Jersey 07032.

9. Defendant Kaplan is an individual who resides at 164 Eileen Drive, Cedar Grove, New Jersey 07009.

10. As of December 31, 2013, Jerry M. Kaplan was the sole owner of Universal Chemicals and the real property located at Cowperthwaite Road, Bedminster, New Jersey 07921 (the "Farm"). Upon his death, Defendant Kaplan became the sole owner of Universal Chemicals and the Farm.

11. Defendants XYZ Corporations (1-10) are fictitious entities whose identities are not currently known to the Trustees, but who, upon information and belief, were trades or businesses under common control with Defendant Universal Chemicals pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) at the time of the Fund's mass withdrawal termination.

12. Defendants John and Jane Does (1-10) are fictitious individuals whose identities are not currently known to the Trustees, but who, upon information and belief, were sole proprietorships under common control with Defendant Universal Chemicals at the time of the Fund's mass withdrawal termination pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

## COUNT I

### Withdrawal Liability Owed by Universal Chemicals to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

13. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

14. Universal Chemicals was party to a collective bargaining agreement (the "CBA") with UFCW Local 174, with respect to which the Fund was a third-party beneficiary. The CBA required Universal Chemicals to remit contributions to the Fund on behalf of those employees covered by the CBA.

15. As of December 31, 2013, the Fund experienced a "mass withdrawal" termination within the meaning of 29 C.F.R. § 4001.2 and ERISA § 4041A(a)(2), 29 U.S.C. § 1341A(a)(2).

16. As a result of the Fund's termination, all contributing employers, including Universal Chemicals, ceased to have an obligation to contribute to the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a), and became obligated to pay initial withdrawal liability, redetermination liability, and reallocation liability in accordance with 29 C.F.R. § 4219.11 to 12.

17. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated May 29, 2014, a true and correct copy of which is attached as **Exhibit A**, the Fund provided Universal Chemicals with a calculation of its combined initial and redetermination liability, which was payable in quarterly installments of $2,181.66 commencing on or before July 28, 2014 and continuing in perpetuity.

18. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated January 29, 2016, a true and correct copy of which is attached as **Exhibit B**, the Fund notified Universal Chemicals that its reallocation liability was calculated to be $575,002, making the total amount of its outstanding withdrawal liability $2,378,155. In the letter, the Fund advised Universal Chemicals that it should continue to remit quarterly installments of $2,181.66 in accordance with the initial assessment, and that it was required to make these payments in perpetuity.

19. To date, Universal Chemicals has made quarterly payments totaling $26,179.92, and an additional $1,775.22 in interest.

20. After having not received the quarterly payment due on January 28, 2019, in accordance with ERISA § 4219(c)(2) to (5), 29 U.S.C. § 1399(c)(2) to (5), by certified letter dated February 8, 2019, a true and correct copy of which is attached as **Exhibit C**, the Fund notified Universal Chemicals that it was in default of its withdrawal liability obligations, and offered it an opportunity to cure the default within sixty (60) days.

21. After not having received the demanded payment, in accordance with ERISA § 4219(c)(5) and (c)(6), 29 U.S.C. § 1399(c)(5) and (c)(6), by certified letter dated August 21, 2019, a true and correct copy of which is attached as **Exhibit D**, the Fund notified Universal Chemicals that it remained in default of its withdrawal liability obligations, and that the Fund

had elected to accelerate Universal Chemicals' withdrawal liability and to assess interest on the total outstanding amount. The Fund demanded immediate payment of the outstanding amount of withdrawal liability plus accrued interest.

22. More than sixty (60) days have elapsed since Universal Chemicals' receipt of the notice of default dated February 8, 2019, and Universal Chemicals has failed to remit the withdrawal liability assessed by the Fund.

23. More than 180 days have elapsed since the Fund notified Universal Chemicals of its initial and redetermination withdrawal liability on May 29, 2014 and of its reallocation liability on January 29, 2016 when the Fund sent the letter, and Universal Chemicals has failed to timely initiate arbitration proceedings pursuant to ERISA § 4221(a), 29 U.S.C. § 1401(a).

24. Because Universal Chemicals has failed to initiate arbitration proceedings in accordance with the statute, pursuant to ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1), its liability is incontestable, and it is liable to pay to the Fund its accelerated withdrawal liability.

25. Plaintiffs, the Trustees of the Fund, demand judgment against Defendant Universal Chemicals for $2,616,361.66 for the outstanding amount of its allocated share of the unfunded vested liabilities of the Fund (including interest accrued through August 31, 2019), as well as an additional amount to be determined of interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

## COUNT II

### Controlled Group Liability Owed by Elaine Kaplan to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

26. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

5

27. Pursuant to the attribution rules set forth in 26 U.S.C. § 1563(e)(5), Defendant Kaplan constructively owned her husband's 100% interest in Universal Chemicals and the Farm as of December 31, 2013.

28. Upon information and belief, as of December 31, 2013, the Farm was operated as a for-profit trade or business.

29. Accordingly, Defendant Kaplan is a sole proprietorship under common control with Universal Chemicals within the meaning of ERISA § 4001(b)(1), 20 U.S.C. § 1301(b)(1), and constitutes a single employer for purposes of withdrawal liability.

30. As such, Kaplan is personally liable for Universal Chemicals' outstanding withdrawal liability.

31. Plaintiffs, the Trustees of the Fund, demand judgment against Kaplan for $2,616,361.66 for the outstanding amount of its allocated share of the unfunded vested liabilities of the Fund (including interest accrued through August 31, 2019), as well as an additional amount to be determined of interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

### COUNT III

### Controlled Group Liability Owed by XYZ Corporations (1-10) to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

32. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

33. Defendants XYZ Corporations (1-10), upon information and belief, are trades or businesses that were under common control with Universal Chemicals within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), and constitute a single employer for purposes of withdrawal liability.

34. As such, Defendants XYZ Corporations (1-10) are jointly and severally liable with Universal Chemicals for Universal Chemicals' outstanding withdrawal liability.

35. Plaintiffs, the Trustees of the Fund, demand judgment against Defendants XYZ Corporations (1-10) for $2,616,361.66 for the outstanding amount of Universal Chemicals' allocated share of the unfunded vested liabilities of the Fund (including interest accrued through August 31, 2019), as well as an additional amount to be determined of interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

## COUNT IV

### Controlled Group Liability Owed by John and Jane Does (1-10) to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

36. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

37. Defendants John and Jane Does (1-10), upon information and belief, are sole proprietorships that were under common control with Universal Chemicals within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), and constitute a single employer for purposes of withdrawal liability.

38. As such, Defendants John and Jane Does (1-10) are jointly and severally liable with Universal Chemicals for Universal Chemicals' outstanding withdrawal liability.

39. Plaintiffs, the Trustees of the Fund, demand judgment against Defendants John and Jane Does (1-10) for $2,616,361.66 for the outstanding amount of Universal Chemicals' allocated share of the unfunded vested liabilities of the Fund (including interest accrued through August 31, 2019), as well as an additional amount to be determined of interest, liquidated

damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

Dated:   January 24, 2020    **PROSKAUER ROSE LLP**

By:   */s/ Neil V. Shah*
         Neil V. Shah
Eleven Times Square
New York, NY 10036
(212) 969-3028
nshah@proskauer.com

*Counsel for the Plaintiffs*

8